IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cr-00297-WHA |
| | ) | |
| JEFFREY SCOTT MOSELEY | ) | |

**MOTION TO SEVER DEFENDANT FOR SEPARATE TRIAL**

COMES NOW the Defendant Jeffrey Scott Moseley, by and through undersigned counsel, and respectfully moves to this Honorable Court to sever his case for separate trial. As grounds in support of this motion, Defendant Moseley asserts the following:

1. Defendant Moseley is charged in both counts of a two-count indictment predicated on violations of 18 U.S.C. §§ 471 and 472, along with four other defendants. None of the codefendants has to date pled guilty to the charges in the indictment, and all are currently scheduled for a joint trial with Moseley on June 26, 2006.

2. Rule 14 of the Federal Rules of Criminal Procedure provides that, if it appears that a defendant is prejudiced by joinder of offenses or of defendants in an indictment or by such joinder for trial together, the Court may order an election or separate trials of counts or grant a severance of defendants.

3. The Government intends to introduce post-arrest statements made by co-defendants Edward Donald Fulmer, Susan Denise Fulmer, and William Barry Gorman at a joint trial. These post-arrest statements, on their face, directly inculpate Defendant Moseley in that they name Moseley and link him with the counterfeit notes found at the scene and with

making counterfeit notes.  The introduction of these statements at a joint trial would violate Moseley's Sixth Amendment right to cross-examine as defined in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), where the Supreme Court held that the admission of a confession or statement by a non-testifying defendant which inculpates a co-defendant violates the co-defendant's Sixth Amendment right to confront a witness, even with the protection of a limiting instruction to the jury.  In addition, the 11th Circuit has read Bruton to exclude statements by a non-testifying co-defendant which directly inculpate a co-defendant.  See United States v. Doherty, 233 F.3d 1275, 1281 (11th Cir. 2000).

    4.    The co-defendants also have inconsistent, antagonistic defenses that show compelling prejudice.  The co-defendants' defense directly inculpates Moseley and directly contradicts Moseley's own defense.  Mutually antagonistic defenses justify severance if the essence of one defendant's defense is contradicted by a co-defendant's defense. Smith v. Kelso, 863 F.2d 1564, 1568 (11th Cir. 1989) (quoting United States v. Berkowitz, 662 F.2d 1127, 1132-34 (5th Cir. Unit B 1981)).

WHEREFORE, PREMISES CONSIDERED, Defendant Moseley hereby moves this Honorable Court to grant his Motion for Severance of his trial from that of his co-defendants.

Respectfully submitted this 5th day of April 2006.

    s/John M. Poti  
**JOHN M. POTI (POT013)**  
Attorney for Jeffrey Scott Moseley  
696 N. Silver Hills Drive, Suite 102  
Prattville, AL 36066-6184  
TEL: (334) 361-3535  
FAX: 1-866-780-9012  
E-mail: john@jmpoti.com

CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>Susan Redmond, Jeffrey Duffy, James R. Cooper, Robin Konrad</u>, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  <u>  none   </u>.

s/John M. Poti
**JOHN M. POTI (POT013)**
Attorney for Jeffrey Scott Moseley
696 N. Silver Hills Drive, Suite 102
Prattville, Alabama 36066-6184
TEL: (334) 361-3535
FAX: 1-866-780-9012
E-mail: john@jmpoti.com
